UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE PRICE,

      Petitioner,

v.

MILLICENT WARREN,

      Respondent.
_____/

Civil Action No. 12-CV-15104

HON. BERNARD A. FRIEDMAN

**OPINION & ORDER DENYING PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

**I. Introduction**

      This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner was convicted following a jury trial in Oakland County Circuit Court in 2009 of assault with intent to rob while armed, MICH. COMP. LAWS § 750.89. She was sentenced as a fourth habitual offender, MICH. COMP. LAWS § 769.12, to 15 to 40 years in prison to be served consecutively to a prior sentence for which she was on parole, MICH. COMP. LAWS § 769.7a. Petitioner raises claims concerning the sufficiency of the evidence and the scoring of an offense variable of the state sentencing guidelines. Respondent argues these claims lack merit. For the reasons stated below, the Court shall deny the petition, decline to issue a certificate of appealability, and deny petitioner leave to proceed on appeal in forma pauperis.

**II. Facts and Procedural History**

      Petitioner's conviction arises from an assault upon an elderly man while he was working in his yard in Southfield, Michigan, on April 23, 2009. The Michigan Court of Appeals provided the following factual summary:

>   At approximately noon on April 23, 2009, someone approached 77–year–old Charles Hoover from behind while he worked on a flower bed in his front yard. That person grabbed Hoover's shoulder and pressed a metallic object into Hoover's neck, leading him to believe that he was being held at gunpoint. The assailant ordered Hoover to empty his pockets, but Hoover was carrying nothing of value. Hoover ultimately was able to knock his assailant away. That person escaped on foot down the otherwise empty residential street and discarded a yellow object along the way. Hoover was able to describe the attire and race of his assailant, and the assailant's approximate route of escape. Officers summoned to the scene promptly stopped defendant on the nearby I–696 service drive.

*People v. Price*, No. 298519, 2011 WL 3593592, at *1 (Mich. Ct. App. Aug. 16, 2011).

Following her conviction and sentencing, petitioner filed an appeal of right with the Michigan Court of Appeals raising the same claims presented on habeas review. The court affirmed her conviction and sentence. *Id*. at **1-3. Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which denied the application in a standard order. *See People v. Price*, 490 Mich. 972, 806 N.W.2d 523 (2011). Petitioner thereafter filed the instant habeas petition raising the following claims:

>   I. The prosecution presented legally insufficient evidence. Defendant does not dispute that the offense occurred, but she was not the perpetrator. The conviction rest upon "dog tracking evidence," a form of evidence the [state] court has previously found dangerous.
>
>   II. [Alternatively,] defendant contends that a plug-in pest repeller was not a "weapon" under OV 1. It was an "implied" weapon, and 5 points were warranted not 10. This, however, does not alter the guidelines range. Defendant, therefore, requests a resentencing or, in the alternative, a remand for a clerical correction of the SIR.

Respondent has filed an answer to the petition contending that it should be denied.

**III. Standard of Review**

> The following standard applies in federal habeas cases:
>
> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21; *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the

3

benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333 n.7).

The United States Supreme Court has held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). The Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain federal habeas relief, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been adjudicated on the merits." *Harrington*, 131 S. Ct. at 785 (internal quotation marks omitted). Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). While the requirements of "clearly established law" are to

4

be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue. *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007).

Further, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## IV. Analysis

### A. Insufficient Evidence Claim

Petitioner first asserts that she is entitled to habeas relief because the prosecution failed to present sufficient evidence to support her conviction for assault with intent to rob while armed. In particular, she claims that the prosecution failed to establish that she was the perpetrator of the crime. The respondent contends that this claim lacks merit and does not warrant habeas relief.

The Federal Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). The question on a sufficiency of the evidence claim is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

A federal habeas court views this standard through the framework of 28 U.S.C. § 2254(d). *See Martin v. Mitchell*, 280 F.3d 594, 617 (6th Cir. 2002). Under the AEDPA, challenges to the sufficiency of the evidence "must survive two layers of deference to groups who might view

facts differently" – the factfinder at trial and the state court on appellate review. *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). The *Jackson* standard must also be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson*, 443 U.S. at 324 n.16. "A reviewing court does not re-weigh the evidence or re-determine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003). "The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim." *Id.* at 788-89 (citation omitted).

> Michigan law defines the crime of assault with intent to rob while armed as follows:
>
> Assault with intent to rob and steal being armed—Any person, being armed with a dangerous weapon, or any article used or fashioned in a manner to lead a person so assaulted reasonably to believe it to be a dangerous weapon, who shall assault another with intent to rob and steal shall be guilty of a felony, punishable by imprisonment in the state prison for life, or for any term of years.

MICH. COMP. LAWS § 750.89. The elements of the offense are (1) an assault, (2) an attempt to rob, (3) while armed. *See People v. Akins*, 259 Mich. App. 545, 554, 675 N.W.2d 863, 873 (2003).

The prosecution must prove every element of a charged offense beyond a reasonable doubt. This burden includes proving that the defendant is the person who committed the charged crime. See *People v. Oliphant*, 399 Mich. 472, 489, 250 N.W.2d 443, 449 (1976); *People v. Kern*, 6 Mich. App. 406, 409, 149 N.W.2d 216, 218 (1967). In other words, "proof of [the] defendant's connection with the alleged offense is an indispensable element of [the prosecutor's] duty." *Kern, supra*. Direct or circumstantial evidence and reasonable inferences arising from that evidence may constitute satisfactory proof of the elements of an offense, *see People v. Nowack*, 462 Mich. 392, 399-400, 614 N.W.2d 78, 81 (2000); *People v. Jolly*, 442 Mich. 458, 466, 502 N.W.2d 177, 180 (1993), including the identity of the perpetrator. *See Dell v. Straub*, 194 F. Supp. 2d 629, 647 (E.D.

Mich. 2002); *People v. Johnson*, 146 Mich. App. 429, 434, 381 N.W.2d 740, 742 (1985).

Applying the *Jackson* standard, the Michigan Court of Appeals concluded that the prosecution presented sufficient evidence to support the petitioner's conviction for assault with intent to rob while armed. The court explained in relevant part:

> The prosecutor presented Hoover's testimony that he was assaulted by someone wearing a dark green hooded jacket, baggy blue pants with orange "military" insignias on the hip pockets and square-toed, two-toned brown shoes. Hoover indicated that his assailant was African–American, shorter than his 5–foot–9 stature, and spoke in an alto or tenor voice. Because the person was wearing a hood and spoke in an androgynous voice, Hoover was unable to discern the gender of his assailant but believed the person could be a teen-aged boy. Hoover's basic description of his assailant was corroborated by his neighbor's testimony. Hoover's neighbor saw a person matching defendant's description walking toward Hoover's home, but he did not witness the assault. Shortly after Hoover's attack, officers apprehended defendant in the direction of the assailant's escape route. Defendant was wearing a dark green hooded jacket and baggy jeans with orange insignias on the back.[FN1] Hoover's neighbor was able to identify defendant, but only when she was wearing her hood. Further, the investigating officers recovered the yellow object that Hoover had witnessed his assailant discard into the street. The object was a metallic and plastic sonic insect-repellant device, which the jury could infer was used as the "pistol" during the attack.
>
> [FN1.] The prosecution presented photographs of defendant's clothing into evidence. However, those photographs are not part of the electronic record available on appeal.
>
> The prosecution also presented evidence that a police canine unit was dispatched to the scene. The dog tracked a scent from Hoover's front yard to the location where defendant was being held on the I–696 service drive. Defendant correctly asserts that such dog-tracking evidence is insufficient standing alone to prove that a particular defendant committed a particular crime and that the evidence may be admitted only after a proper foundation is laid. *People v. Stone*, 195 Mich App 600, 603; 491 NW2d 628 (1992); *People v. Laidlaw*, 169 Mich App 84, 93–94; 425 NW2d 738 (1988). Defendant does not challenge the foundational basis to admit the evidence, merely the weight placed on the dog-tracking evidence in establishing her guilt.

> However, the dog-tracking evidence merely corroborated the eyewitness descriptions of Hoover's assailant. Furthermore, the court specifically instructed the jury, "You must consider tracking dog evidence with great care and remember that it has little value as proof. Even if you decide that it is reliable, you must not convict the defendant based only on tracking dog evidence." We presume that the jury followed this instruction. *People v. Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998). As the prosecutor presented sufficient circumstantial evidence from which a jury could reasonably infer that defendant committed the charged offense, we affirm.

*Price*, 2011 WL 3593592, at \*\*1-2.

Having reviewed the record, the Court finds that the Michigan Court of Appeals' determination is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. The prosecution presented sufficient evidence to establish the petitioner's guilt of the charged offense. The victim's testimony and the witnesses' testimony describing the perpetrator, combined with the fact that petitioner was found nearby shortly after the crime wearing clothes fitting that description, along with the dog tracking evidence, provided sufficient circumstantial evidence to establish that the petitioner committed the crime. A victim's testimony alone can be constitutionally sufficient to sustain a conviction. *See Tucker v. Palmer*, 541 F.3d 652, 658 (6th Cir. 2008) (citing cases). Furthermore, as explained by the Michigan Court of Appeals, the dog-tracking evidence was admissible under state law, and that evidence was not the only evidence of petitioner's guilt of the charged offense.

Petitioner challenges the jury's evaluation of the evidence. However, it is the role of the fact-finder at trial, not a federal habeas court, to resolve evidentiary conflicts. See *Jackson*, 443 U.S. at 326; *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002); *Walker v. Engle*, 703 F.2d 959, 969-70 (6th Cir. 1983). The evidence presented at trial, viewed in a light most favorable to the prosecution, established beyond a reasonable doubt that petitioner committed the charged crime of

assault with intent to rob while armed. The jury's verdict and the Michigan Court of Appeals' decision affirming that verdict were reasonable. Habeas relief is not warranted on this claim.

### B. Sentencing Claim

Petitioner next asserts that she is entitled to habeas relief because the trial court erred in scoring Offense Variable 1 of the state sentencing guidelines. Respondent argues that this claim is not cognizable upon habeas review and lacks merit.

The Michigan Court of Appeals denied relief on this claim finding that any change in the scoring of Offense Variable 1 would not alter petitioner's sentence and that Offense Variable 1 was nonetheless correctly scored because petitioner used the insect repellant device as a weapon of assault by pressing it into the victim's neck. *See Price*, 2011 WL 3593592, at **2-3.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Initially, the court notes that petitioner's sentence of 15 to 40 years imprisonment is within the statutory maximum of life imprisonment for assault with intent to rob while armed. *See* MICH. COMP. LAWS § 750.89. A sentence within the statutory limits is generally not subject to federal habeas review. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). Claims which arise out of a state court's sentencing decision are not cognizable on habeas review unless petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner in the present case makes no such showing.

As the sentence is within statutory limits, it is a non-cognizable state law claim. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of

9

state sentencing guidelines and crediting statutes is a matter of state concern only."); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). Any error in scoring the offense variables and determining the guideline range does not merit habeas relief. State courts are the final arbiters of state law. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). Federal habeas relief does not lie for perceived errors of state law.

**V. Conclusion**

For the reasons stated, the Court concludes that the petitioner is not entitled to habeas relief on the claims contained in her petition. Accordingly, the Court shall deny petitioner's application for a writ of habeas corpus. As petitioner has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253 (c)(2), the Court declines to issue a certificate of appealability. The Court shall also deny petitioner leave to proceed on appeal in forma pauperis, as no appeal in this matter could be taken in good faith. Accordingly,

IT IS ORDERED that petitioner's application for a writ of habeas corpus is denied. No certificate of appealability shall issue and petitioner may not proceed on appeal in forma pauperis.

```
                                    _s/ Bernard A. Friedman
Dated:  November 20, 2014           BERNARD A. FRIEDMAN
        Detroit, Michigan           SENIOR UNITED STATES DISTRICT JUDGE
```